IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 05-06 |
| | ) |
| HOWARD HAWKINS | ) |

MEMORANDUM

Gary L. Lancaster,
District Judge.                                          June 16, 2006

  Defendant, Howard Hawkins, has filed a motion in limine, asking the court to exclude evidence and testimony of the events that occurred on January 4, 2004, prior to defendant's arrest. The principal issue presented by defendant is whether evidence regarding a shooting prior to defendant's arrest is admissible. Defendant argues that evidence pertaining to the shooting incident is irrelevant, prejudicial and inadmissible at trial. The government contends that the events pertaining to the shooting and the events leading to the stop of defendant's vehicle and his subsequent arrest, are all part of the same criminal episode. The government further argues that evidence regarding the shooting is relevant, probative evidence of whether the defendant possessed the firearm in question.

  A hearing on defendant's motion was held on June 7, 2006. For the following reasons, defendant's motion is granted in part, and denied in part.

I.  BACKGROUND

On January 4, 2004, at 3:30 a.m. the City of Pittsburgh police received a report of shots being fired at 918 California Avenue. Within two or three minutes, City of Pittsburgh Police Officer Richard Zett responded to the report. At the scene, he observed spent shell casings on the ground. While Officer Zett was collecting the shell casings, he was approached by an individual, later identified as Thomas Gorgone, who told Officer Zett that, at 3:25 a.m., he was at the United States Post Office at 901 California Avenue retrieving his mail when he heard multiple gun shots. After he heard the gunshots, Mr. Gorgone observed a black male, approximately 5 feet 4 inches tall, of medium build, and wearing dark clothing running away from the area of 918 California Avenue toward "B" Street. Mr. Gorgone told Officer Zett that he observed the individual get into the front passenger seat of a red Dodge Durango. Mr. Gorgone told Officer Zett that the red Dodge Durango turned onto California Avenue and proceed toward Marshall Avenue. Officer Zett relayed this information to other police officers in the area. He also advised them that the individual may be armed with a .40 caliber handgun.

While talking to Mr. Gorgone, Officer Zett was approached by Susan Williams. Ms. Williams stated that she lived at 918 California Avenue, and all occupants were unharmed. She told Officer Zett that, around 3:25 a.m. on January 4, 2004, she was laying on the couch in the living room of 918 California Avenue when she heard the sound of gunshots and saw the glass in her front window shatter. Ms. Williams told Officer Zett that there were bullets in the ceiling of her living room. Officer Zett later saw bullet holes in the front windows of Ms. Williams' apartment and bullets in the ceiling of Ms. Williams' living room.

City of Pittsburgh Police Officers Polly and Douglas also responded to the report of gunshots at 918 California Avenue on January 4, 2004. Shortly after 3:30 a.m., while on their way to the location, Officers Polly and Douglas heard Officer Zett's radio dispatch that an individual at the scene had gotten into a red Dodge Durango. The officers then saw a red Dodge Durango driving towards Marshall Avenue. The officers drove on Brighton Road toward Marshall Avenue. Within five minutes after hearing the radio dispatch, the officers saw the same red Dodge Durango on Brighton Road and stopped the car at the intersection of Marshall Avenue and Brighton Road. After more officers arrived, they found three individuals, including defendant, in the

vehicle. The defendant was in the front passenger's seat. The officers ordered all three individuals to show their hands and ordered them out of the vehicle. The police officers placed all three in handcuffs, patted them down, and then placed them in separate police cars.

After removing the individuals from the vehicle, Officer Douglas returned to the red Dodge Durango. Officer Douglas used his flashlight to look into the car and saw a black and silver .40 caliber Smith & Wesson handgun partially visible under the driver's seat. Officer Douglas also saw a magazine partially visible under the front passenger's seat. A .9 mm Jennings Nine handgun was also discovered on top of a orange purse on the floor of the vehicle, between the second and third row of seats.

Defendant is charged with a violation of 18 U.S.C. §922(g), felon in possession of a firearm.

II.   DISCUSSION

Defendant has asked us to exclude evidence that just prior to defendant's arrest, someone fired shots into the building at 918 California Avenue. He argues that evidence pertaining to the shooting is not relevant to whether defendant committed the crime of possession of a firearm by a convicted

felon. Defendant further argues that evidence that someone shot into the building where Ms. Williams and others were sleeping is highly prejudicial.

The government contends that in order to convict defendant, it must demonstrate, beyond a reasonable doubt, that he possessed the firearm. The government advises that the ballistic evidence from 918 California Avenue match the firearm recovered from the Dodge Durango. The government argues, therefore, that it is evidence of the defendant's possession of the firearm in question.

The government further argues that the shooting at California Avenue, and the subsequent stop and search of the Dodge Durango constitute a single criminal episode that cannot be severed into discrete incidents. Defendant contends that there is insufficient evidence to connect him to "someone's act of shooting the gun," at 918 California Avenue.

We must first evaluate whether evidence of the shooting at 918 California Avenue is relevant under Federal Rule of Evidence 401, which states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402, which states that all relevant

evidence is admissible, must be read in conjunction with Rule 403, which requires the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed. R. Evid. 402, 403.

In this case, we find that general evidence of the shooting at 918 California Avenue is relevant to the stop and arrest of the defendant, which occurred shortly after the shooting. But for the shooting, the police would not have pursued the Dodge Durango, conducted a search and arrested the defendant. As such, we agree with the government that the shooting is relevant to the crime for which defendant is charged because it is necessary to "complete the story" relating to his arrest. U.S. v. Kennedy, et al., 32 F.3d 876, 885 (4th Cir. 1994)("evidence of uncharged conduct is not considered [inadmissible] 'other crimes' evidence if it arose out of the same ... series of transactions as the charged offense, ... or if it is necessary to complete the story of the crime on trial").

We will allow the government in introduce evidence that gun shots were heard in the area of California Avenue shortly before defendant's vehicle was detained and he was arrested. However, the government is not permitted to introduce any

evidence relating to the fact that 918 California Avenue is a residence where Ms. Williams and children where sleeping. Someone's act of shooting bullets into her living room is simply too prejudicial to be admitted. The probative value associated with where and how the firearm was fired in this instance, is outweighed by the danger of unfair prejudice. Moreover, specifics such as who was in the residence and where the bullets entered the building are not particularly relevant to the crime of possession of a firearm by a convicted felon. As such, the government is permitted to introduce evidence that gunshots were heard at 918 California Avenue, and ballistics evidence demonstrating that casings and bullets from 918 California Avenue match the firearm found in defendant's Dodge Durango.

III.   CONCLUSION

Evidence that a shooting occurred at 918 California Avenue shortly before defendant was arrested is relevant and admissible, however, details regarding the occupants of the building where the shots were fired is too prejudicial to be admitted. Accordingly, defendant's motion is granted in part, and denied in part. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
                         )
    vs.                  )   Criminal No. 05-06
                         )
HOWARD HAWKINS           )

## ORDER

AND NOW, this 16th day of June, 2006, upon consideration of defendant's motion, the government's response thereto, and the arguments of counsel, IT IS HEREBY ORDERED that defendant's motion is GRANTED in part, and DENIED in part. The government may introduce at trial evidence that a shooting took place at 918 California Avenue. It is further ordered that the government is not permitted to introduce any evidence or testimony that the shots were fired into a residence where Ms. Williams and children were sleeping.

BY THE COURT:

_____, J.

cc:   All Counsel of Record