# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Criminal Action No. 05-6 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Cathy Bissoon |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Howard Hawkins's Amended Motion pursuant to 28 U.S.C. § 2255 to correct his sentence (Doc. 123). The Government has filed a Response to the Motion (Doc. 126), to which Petitioner has filed a Reply (Doc. 129).

Petitioner contends that, following Johnson v. United States, 135 S. Ct. 2551 (2016), his prior conviction for aggravated assault under Pennsylvania law no longer meets the requirements for a predicate "violent felony" under the Armed Career Criminal Act ("ACCA"), and that he must be resentenced without the imposition of ACCA's fifteen-year mandatory minimum sentence. The Court of Appeals for the Third Circuit recently addressed the precise Pennsylvania crime at issue and determined that it meets the requirements for a "crime of violence" under Section 4B1.2(a)(1) of the Sentencing Guidelines, a section that uses identical language to ACCA's elements clause. Accordingly, as further explained below, the Court will deny Petitioner's Motion.

**BACKGROUND**[1]

Petitioner was convicted by a federal jury on July 12, 2006 for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). (Jury Verdict, Doc. 62.) At sentencing on December 8, 2006, the Court determined that Petitioner qualified for ACCA's fifteen-year mandatory minimum term of imprisonment due to his three prior convictions for violent felonies or serious drug offenses, (Transcript of Sentencing Hearing 9, Doc. 82), and the Court sentenced Petitioner to fifteen years' incarceration, (id. at 14).[2] Only one of these predicate convictions, for aggravated assault under 18 Pa. C.S. § 2702(a)(4), is presently at issue.

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of ACCA's definition of violent felony was unconstitutionally vague. Id. at 2557-58. And, in Welch v. Unites States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson announced a substantive rule that has retroactive effect in cases on collateral review. Id. at 1268.

On October 3, 2016, after receiving authorization from the Court of Appeals, Petitioner filed an Amended Motion under 28 U.S.C. § 2255 to correct his sentence. The Motion argues, in sum, that Petitioner's original sentence must have rested on ACCA's residual clause because Pennsylvania's aggravated assault statute fails to qualify under ACCA's elements clause.[3] Specifically, ACCA's elements clause defines "violent felony" as an offense that "has as an

---

[1] The Court writes exclusively for the parties and therefore sets forth only those facts that are necessary to the disposition of Petitioner's motion. The Court of Appeals for the Third Circuit has granted Petitioner's application for leave to file a second or successive motion under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(C) and Petitioner's motion is properly before the Court. (Doc. 117.)
[2] The sentencing Court did not specify whether its inclusion of this offense as an ACCA predicate relied upon ACCA's elements clause or its residual clause, which were both included in ACCA's definition of "violent felony."
[3] The Court notes the relevant iteration of ACCA did not include "aggravated assault" among its enumerated offenses at the time.

element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and Pennsylvania's aggravated assault statute does not contain physical force as an explicit element.

The government responded on November 16, 2016. The government argues, in relevant part,[4] that the definition of Petitioner's underlying crime of conviction—aggravated assault with a deadly weapon under 18 Pa. C.S. § 2702(a)(4)—includes the use of physical force as an element. Subsection (a)(4) of the statute criminalizes a person's attempt to cause, or intentionally or knowingly causing, "bodily injury to another with a deadly weapon." Id. According to the government, given that a "[d]eadly weapon" is defined as "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury," 18 Pa. C.S. § 2301, it follows that causing bodily injury with a deadly weapon requires the use of physical force.[5]

---

[4] The government also argues that the causation of bodily injury necessarily requires the use of physical force, which would sweep additional subsections of Pennsylvania's aggravated assault statute under ACCA's definition of violent felony. However, subsequent to the government's response, these arguments were foreclosed by the Court of Appeals. United States v. Mayo, 901 F.3d 218, 229 (3d Cir. 2018) ("although we have concluded that there are some statutorily-defined offenses in Pennsylvania that forbid causing or threatening to cause 'bodily injury' and that inherently involve the use or attempted use of 'physical force,' we have not said that bodily injury is always and only the result of physical force. To the contrary . . . Pennsylvania case law establishes that a person violates § 2702(a)(1) by causing 'serious bodily injury,' regardless of whether that injury results from any physical force, let alone the type of violent force contemplated by the ACCA.") (internal citations omitted).

[5] "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain," and "[s]erious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa. C.S. § 2301. The Supreme Court has held that "force," as used in ACCA's elements clause, means "force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140.

3

On July 10, 2017 and again on January 24, 2018, Petitioner filed unopposed Motions to Stay Proceedings (Docs. 130, 132) pending the resolution of relevant cases that the Court of Appeals was poised to resolve. The Court granted both Motions and stayed proceedings. (Docs. 131, 133.) On July 30, 2018, Petitioner notified this Court of the Court of Appeals's resolution of United States v. Ramos, 892 F.3d 599 (3d Cir. 2018), which—as discussed below— conclusively resolves the issues in the case.

**ANALYSIS**

In Ramos, the Court of Appeals held that a prior conviction under 18 Pa. C.S. § 2702(a)(4) qualifies as a predicate "crime of violence" under the definition provided by Section 4B1.2(a)(1) of the Sentencing Guidelines (the "elements clause"). Ramos, 892 F.3d at 605, 611. Under the Guidelines' elements clause, a "crime of violence" is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). This is identical to the definition of "violent felony" in ACCA's elements clause. See 18 U.S.C. § 924(e)(2)(B)(i).

To reach its conclusion, the Court of Appeals engaged in a three-part analysis: "[1] Is Pennsylvania's aggravated assault statute divisible? [2] If so, does the limited set of extra-statutory materials that we may consult under the modified categorical approach establish with certainty which subsection of Pennsylvania's aggravated assault statute provided the basis for [Petitioner's] conviction? And, [3] if so, does that specific aggravated assault offense categorically qualify as a predicate crime of violence under the Guidelines?" Ramos, 893 F.3d at 607. The Court of Appeals answered all of these questions in the affirmative. Id.

No part of this analysis suggests that this framework should apply only to the Sentencing Guidelines, and not to the identically worded provision of ACCA's elements clause—to the

4

contrary, the analysis relies on Johnson, 559 U.S. at 140, which interprets ACCA's elements clause rather than the Guidelines' elements clause, and United States v. Castleman, 572 U.S. 157, 161 (2014), which interprets a similar definition for "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33)(A). See Ramos, 892 F.2d at 611-12 (applying Johnson and Castleman to conclude that Subsection (a)(4) is categorically a crime of violence); United States v. Mayo, 901 F.3d 218, 224-25 (3d Cir. 2018) (applying Ramos's framework to assess whether Subsection (a)(1) of Pennsylvania's aggravated assault statute satisfies ACCA's elements clause).

The parties agree that Petitioner pleaded guilty to Subsection (a)(4), the specific offense that the Court of Appeals analyzed. (See Amended Motion 7 ("Mr. Hawkins pled guilty to aggravated assault under (a)(4) . . . as part of a plea agreement.").) The Court need not restate the Court of Appeals's analysis concerning the two remaining questions; the Court is bound by the Court of Appeals's precedential opinion in Ramos.

As a result, the Court finds that Petitioner's conviction for aggravated assault with a deadly weapon under 18 Pa. C.S. § 2702(a)(4) qualifies as a predicate violent felony under ACCA's elements clause. Petitioner was not sentenced under ACCA's unconstitutional residual clause, and ACCA's mandatory minimum sentence of 15-years was properly applied. As reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim to be debatable or wrong, Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability under 28 U.S.C. § 2553(c)(2) will be denied.

\* \* \*

Accordingly, IT IS ORDERED that:

Petitioner's Amended Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 123) is DENIED.  A Certificate of Appealability is DENIED.


February 7, 2019                                     s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge


cc (via ECF email notification):

All Counsel of Record